IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **TRAVIS LEROY BALL,** | : | |
| **Plaintiff,** | : | |
| VS. | : | NO. 5:23-cv-98-MTT-CHW |
| **SHERIFF DAN KILGORE,** | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. §1983 |
| | : | BEFORE THE U. S. MAGISTRATE JUDGE |
| **Defendants.** | : | |

## ORDER

Plaintiff Travis Leroy Ball, a prisoner in the Upson County Jail in Thomaston, Georgia, has filed a 42 U.S.C. § 1983 action. ECF No. 1. He also moves to proceed *in forma pauperis*. ECF No. 2.

The Court has reviewed Plaintiff's motion to proceed *in forma pauperis* and finds it is incomplete. A prisoner or pretrial detainee seeking leave to proceed *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Plaintiff has failed to submit a certified copy of his trust fund account statement, which should include a printout showing the transactions for the preceding six months.

The Court notes that in other pending cases, Plaintiff has filed what appears to be a receipt from "TurnKey Corrections." *See* ECF No. 8 in *Ball v. Long*, 5:22-cv-444-MTT-CHW (M.D. Ga. Mar. 27, 2023); ECF No. 8 in *Ball v. Allen*, 5:23-cv-46-MTT-CHW (M.D. Ga. Mar. 27, 2023). In these cases, Plaintiff states that this document shows he has a "$0.00

1

balance in [his] inmate trust account in the Upson County Sheriff's Office." *Id*. It does not and it will not suffice to take the place of a certified copy of Plaintiff's trust fund account and printout of his transactions for the previous six months.

The Court also notes that in every case Plaintiff has filed while incarcerated in three different jails (Butts County Jail, Jones County Jail, and Upson County Jail), the account certification submitted by Plaintiff shows "our computer printers are currently down for updating and repairs" or "our computers are down for upgrading" and, therefore we "can't give you a computer printout." See ECF No. 2 at 4; ECF No. 2 at 4 in *Ball v. Long*, 5:22-cv-444-MTT-CHW (M.D. Ga. Dec. 20, 2022); ECF No. 2 at 4 in *Ball v. Allen*, 5:23-cv-46-MTT-CHW (M.D. Ga. Feb. 2, 2023); ECF No. 2 at 4 in *Ball v. Trammell*, 5:23-cv-85-TES-MSH (M.D. Ga. Mar. 3, 2023). It is not credible that the computers or printers at three different jails were "down for updating and repairs" or "down for upgrading" every time Plaintiff requested a certified copy of his trust fund account statement and printout showing the transactions for the preceding six months. Regardless, it appears the last "updating and repair" to the "computer printers" at the Upson County Jail took place on March 12, 2023. ECF No. 2 at 4. The Court presumes that these updates, which took place more than two weeks ago, are complete, and that Plaintiff will be able to provide a certified copy of his trust fund account that includes a printout showing the transactions for the last six months.

Accordingly, Plaintiff is **ORDERED** to submit a proper motion to proceed without the prepayment of the filing fee, which should include a certified copy of his trust fund account statement. The Clerk is **DIRECTED** to provide Plaintiff with a copy of the appropriate forms for this purpose.

2

Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to comply. If Plaintiff does not timely and fully comply with this Order, this action will be dismissed. Plaintiff is further **ORDERED** to notify the Court immediately in writing of any change of address. If he fails to do so, his action may be dismissed. There shall be no service of process in this case until further order of the Court.

**SO ORDERED and DIRECTED**, this 3rd day of April, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge