IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **TRAVIS LEROY BALL,** | : | |
| **Plaintiff,** | : | |
| VS. | : | NO. 5:23-CV-98-MTT-CHW |
| **SHERIFF DAN KILGORE,** *et al.*, | : | |
| **Defendants.** | : | |

**ORDER**

Plaintiff Travis Leroy Ball, a prisoner who is now confined in the Coffee Correctional Facility in Nicholls, Georgia, filed a 42 U.S.C. § 1983 action. ECF No. 1. He moved to proceed *in forma pauperis* but failed to include a certified copy of his trust fund account statement. ECF No. 2. On April 3, 2023, the Court ordered Plaintiff to provide a certified copy of his trust fund account statement, which should include a copy of his transactions for the past six months. ECF No. 4.

After Plaintiff failed to respond the Court ordered Plaintiff to show cause why his case should not be dismissed. ECF No. 5. Plaintiff did not respond to the Order to Show Cause. Instead, he notified the Court that he has been transferred to the Georgia Diagnostic and Classification Prison. ECF No. 6. A check of the Georgia Department of Corrections website, however, shows he is now incarcerated in the Coffee Correctional Facility in Nicholls, Georgia. *See* https://gdc.ga.gov/GDC/Offender/Query (last checked May 17, 2023). The Court is, therefore, mailing this order to the Coffee Correctional Facility. The Clerk of Court is **DIRECTED** to update Plaintiff's address to reflect the Coffee Correctional Facility

1

Because Plaintiff's transfer may have prevented him from receiving a copy of the Order to Show Cause, the Clerk of Court is **DIRECTED** to forward a copy of the April 28, 2023 Order to Show Cause, ECF No. 5, to Plaintiff's current place of incarceration—Coffee Correctional Facility.

Additionally, Plaintiff must amend his complaint. Plaintiff raises various claims against Sheriff Dan Kilgore. ECF No. 1 at 5. One of his complaints is that he has a cancerous cyst on his right testicle that "really hurts" but the "Medical Staff" and Dan Kilgore will not schedule him an appointment with a urologist to have the cyst removed. *Id*. He also complains about the food at the jail, the lack of reading glasses, the law library, and the lack of "proper legal material." *Id*. Plaintiff requests injunctive relief and damages. *Id*. at 6.

Plaintiff should be aware that he may not recover any of the injunctive relief he seeks in his complaint because he is no longer incarcerated at Upson County Jail. Under established law in this circuit, a prisoner's claims for injunctive and declaratory relief are mooted by his transfer to another prison. *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985); *McKinnon v. Talladega Cnty.*, 745 F.2d 1360, 1363 (11th Cir. 1984). Should Plaintiff wish to continue with this action, he must amend his complaint by answering the following questions:

(1) Who diagnosed the cyst as cancerous?

(2) When was this diagnosis made?

(3) When was the "Medical Staff" notified of this condition and who in the "Medical Staff" was notified?

(4) When was Plaintiff told that surgery was necessary?

(5) Who told Plaintiff that surgery was necessary?

(6) Plaintiff states that the "Medical Staff" and Dan Kilgore would not schedule an appointment with a urologist. When and to whom in the "Medical Staff" did Plaintiff speak regarding scheduling an appointment? What was the response? When did Plaintiff request Sheriff Dan Kilgore schedule an appointment with a urologist? What was his response?

(7) What were Plaintiff's dates of incarceration at Upson County Jail? In other words, how long was Plaintiff incarcerated at that jail?

(8) Has Plaintiff now seen a urologist regarding the cyst? If so, when?

(9) Has Plaintiff had surgery to remove the cyst? If so, when?

Plaintiff has **FOURTEEN (14) DAYS** from the date shown below on this Order to provide the information requested in the Order to Show Cause and to amend his complaint by answering the questions shown above. Should Plaintiff fail to do so, his action will be dismissed immediately. Should Plaintiff fail to **TIMELY** inform the Court of any address change, his action will be dismissed.

**SO ORDERED**, this 19th day of May, 2023.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge